IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00541-MSK-CBS

JOHN DOCKSTADER, an individual,

    Plaintiff,

v.

EVELYN HOTTENSTEIN, an individual, d/b/a PUBLIC SPEAKING FOR THE PROFESSIONAL, an unincorporated entity,

    Defendant.

## STIPULATION AND PROTECTIVE ORDER

    Each Party, through their undersigned counsel, and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as herein defined), and, as grounds therefor, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

    2.    "Confidential Information" means any document, file, portions of files, transcribed

testimony, medical records, trade secrets, marketing plans, business plans, or response to a discovery request, including any exact, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing information of any type, produced by Plaintiff and Defendant whether voluntary or through formal discovery, which consists of any confidential financial information, including tax records and social security numbers, or information which is proprietary or confidential in nature, and/or information pertaining to any individual or entity not a party to the within action, where such an expectation of privacy exists.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

   a. Such designation shall be made only upon the designating Party's good faith belief that the material constitutes proprietary information, confidential personnel information, confidential medical information, confidential financial or business information or trade secrets;

   b. By imprinting the word "Confidential" on the first page or cover of any document produced, or by providing a cover letter defining such documents as "Confidential;"

   c. By imprinting the word "Confidential" next to or above any response to a discovery response; and

   d. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall be used only for the purpose of this litigation and not for any personal, business, or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of

this case.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order, with the exception that questioning counsel may make reference to Confidential Information in deposition questions directed to of non-parties without first qualifying the information as Confidential Information.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed, and shall maintain a list of all non-parties to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation, or any designated experts, and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel and designated experts shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall inform the other Party's counsel in writing of the specific grounds of

objection to the designation. The written notice shall identify the information to which the objection is made. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within 10 days after the parties good-faith attempt to resolve the dispute, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. If a motion is filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. In the event it is necessary for the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in a manner consistent with D.C.Colo.LCivR 7.2 and 7.3.

    a. Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed in a manner consistent with D.C.Colo.LCivR 7.2 and 7.3.

    b. Any Party shall have the right to apply to the Court, upon reasonable notice to the other Party, for an order permitting further disclosure or declassification of any document upon a showing that such an order is necessary for adequate preparation of the Party's case or to otherwise protect the Party's interest.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. In the absence of a stipulation of the Parties or further order of the Court, the fact that a document or information divulged is designated "Confidential" shall not be admissible into evidence, nor shall the trier of fact be advised of such designation during the trial of this action. The designating Party shall be entitled, but not required, not later than fifteen (15) days prior to the date set for trial, to copy and deliver at its own expense to the opposing Party unmarked copies of documents containing Confidential Information.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately destroy or return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, or copies made therefrom.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17. Nothing in the Protective Order shall obligate any Party to disclose or produce information that is subject to objections not based solely on confidentiality.

DATED at Denver, Colorado, this 17th day of June, 2009.

                                               BY THE COURT:

                                               *s/Craig B. Shaffer*
                                               Craig B. Shaffer
                                               United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| s/ Dean C. Heizer | /s/ Mark W. Gerganoff |
|---|---|
| Dean C. Heizer | Mark W. Gerganoff |
| Heizer, Paul LLP | Mark W. Gerganoff, LLC |
| 2401 15th Street, Suite 300 | 24276 Choke Cherry Lane |
| Denver, CO 80202 | Golden, CO 80401 |
| Telephone: (303) 595-4747 | Telephone: (303) 526-9163 |
| FAX: (303) 595-4750 | FAX: (720) 938-1025 |
| E-mail: dheizer@hpfirm.com | E-mail: Mwg042958@comcast.net |
| | |
| | ATTORNEY FOR DEFENDANTS |
| | EVELYN HOTTENSTEIN |
| | EVELYN HOTTENSTEIN D/B/A PUBLIC |
| | SPEAKING FOR THE PROFESSIONAL |

s/ Cynthia A. Coleman
Cynthia A. Coleman
Heizer, Paul LLP
2401 15th Street, Suite 300
Denver, CO 80202
Telephone: (303) 595-4747
FAX: (303) 595-4750
E-mail: ccoleman@hpfirm.com


ATTORNEYS FOR PLAINTIFF
JOHN DOCKSTADER